Manuel Seoane San Martín, Plaintiff and Appellee, *v.* Fernando J. Cortés, Defendant and Appellant.

No. 4710. Argued March 19, 1929.—Decided July 26, 1929.

O. B. *Frazer* and *Castro Fernández,* for appellant.  *F. Soto Gras,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant insists that the complaint on a promissory note failed to set out the delivery of the said note.  A demurrer to the complaint was presented.  Section 119 of the Code of Civil Procedure is as follows:

"When an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a copy is annexed thereto, the genuineness and the execution of such instruments are deemed admitted, unless the answer denying the same be verified."

Section 80 of the Law of Evidence says:

"The execution of an instrument is the subscribing and delivering it, with or without affixing a seal."  .

Hence, if the execution of a document is not denied under oath its delivery is admitted.

• We were not considering section 80 of the Law of Evidence when we wrote the opinion in *Goyco et al.* v. *Royal Bank of Canada,* 37 P.R.R. 341, but there the matter of delivery was not directly involved and anything stated about

the non-admission of delivery was mere *obiter,* and can not be followed.

We take it that section 119, *supra,* means that, when the suit is on a document copied into the complaint, such an insertion is equivalent to an averment that the document has been duly executed, as indicated by said section; and hence that questions of non-execution can not be presented by demurrer but must be raised by a sworn answer.

Salvador Suau was sworn at the trial and stated over objection that he was the attorney in fact of the plaintiff. The testimony of this witness tended to show various matters with respect to the promissory note sued upon. If it were at all essential for the witness to show that he was the attorney in fact of the plaintiff in order to reveal the source of his knowledge the verbal statement of the existence of the relation of principal and agent was probably sufficient. In any event, whether he was the attorney in fact or not, the witness only could give testimony of matters within his knowledge.

He testified besides that his written power was out of his possession and in the hands of the registrar of property. Whether secondary evidence was then admissible is an interesting question. We do not hold that there was any error, but if any there was it was harmless.

It was likewise harmless error to permit the same witness, Suau, to speak of a conversation had in Spain with the plaintiff over the continued existence of the debt. A prima facie case existed without such evidence.

As the burden of proof of payment is on the defendant, any statements with respect to non-payment, although hearsay, were harmless in this case. It might be otherwise if the defendant was positively trying to prove payment. He did not, but relied on the supposed failure of the plaintiff to make out a case and made a motion for nonsuit.

While it is true that non-payment should be alleged in a complaint, when this is done, as here, the burden of proving

payment rests on the defendant. The foregoing considerations sufficiently cover the first five assignments of error, with the exception of one matter.

This relates to the fact that the note had not due date.

The court below recognized this fact and allowed the defendant sixty days from the date of the judgment to pay the note. The appellant argues that the complaint was presented prematurely, inasmuch as the time of payment should be fixed by the court before any cause of action arises. The appellee says that a demand note, like the present, needs no fixing of a due date but that he acquiesced in the court's action in naming one. We are not thoroughly convinced that the position of appellee is not correct, but if the payment must be named by the court then a cause of action arises both to recover the amount of the debt and to determine its time of payment. See for similar reasoning *Nicorelli* v. *López & Co.*, 26 P.R.R. 49.

If the appellant had admitted the debt and solely asked for time we might agree that the costs should not be imposed. As he denied the debt, we think the discretion of the court in mulcting the defendant in costs was not unjustly exercised.

The judgment should be affirmed.